UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-05269-DOC-MAR Date: August 31, 2026

Title: ***LeAnthony T. Winston v. Warden Lepe***

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE RE: WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

**I.**
**BACKGROUND**

On November 4, 2021, LeAnthony T. Winston ("Petitioner") was found guilty of conspiracy to engage in sex trafficking by force, fraud, or coercion, along with several other counts, in the Eastern District of Virginia. United States v. Winston, No. 22-4164, 2023 WL 6638073 (4th Cir. Oct. 12, 2023). Petitioner appealed the conviction to the United States Court of Appeals, Fourth Circuit. Id. The court affirmed. Id. Petitioner filed a motion to vacate and set aside sentence pursuant to 28 U.S.C. § 2255, which was denied. USA v. Winston et al, 2:20-cr-00108-AWA-DEM-1, Dkts. 335, 393. Petitioner appealed the order denying relief pursuant to 28 U.S.C. § 2255, and his appeal was denied. Id., Dkt. 410.

On May 12, 2026, LeAnthony T. Winston ("Petitioner") constructively[1] filed the instant Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241"). ECF Docket No. ("Dkt.") 1. The Petition alleges that Petitioner is innocent of all the charges for which he was convicted, that ineffective assistance of counsel has caused a procedural bar in his 28 U.S.C. § 2255 petition, that his constitutional and stator rights have been violated through his prosecution, that the trial court lacked subject matter jurisdiction, and that "agents have caused" the legal wrong through their actions. Id. at 1.

///
///
///
///
///
///

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner. However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

## II.
## DISCUSSION

### A. 28 U.S.C. § 2255 MOTION

#### 1. Applicable law

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' " Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614(1998)). With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

#### 2. Analysis

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner appears to challenge the legality of his 2021 sentence. See Dkt. 1 at 7–16. Thus, Petitioner cannot proceed in this Court, the custodial court, unless section 2255's "escape hatch" provision applies. See Lorentsen, 223 F.3d at 953.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-05269-DOC-MAR Date: August 31, 2026

Title: ***LeAnthony T. Winston v. Warden Lepe***

First, it is not clear that Petitioner is alleging "actual innocence." Petitioner argues he is "actually innocent" because the district court lacked jurisdiction to indict him. Dkt. 1 at 15–16. He argues that because he was facing state charges for the alleged crimes, which happened "within the territorial jurisdiction of the state, no crime against the United States occurred." Id. at 16. However, Petitioner does not appear to allege he is actually innocent of the conduct for which he was convicted.

Furthermore, even assuming Petitioner is alleging actual innocence, Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch. See Alaimalo, 645 F.3d at 1047. Petitioner filed a section 2255 motion in the sentencing court. The Petition does not establish that (1) the legal basis for his claim did not arise until after he had exhausted his direct appeal and first Section 2255 motion; or (2) the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion. Alaimalo, 645 F.3d at 1047. Petitioner therefore appears to fail to meet the requirements for Section 2255's escape hatch.

## III. ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-eight (28) days** after the date of this Order, **by September 28, 2026**. In the response, Petitioner must elect one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court. Petitioner should attach copies of any documents that support his position.

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the section 2255 escape hatch, he should clearly explain this in a filing with this Court and address, if possible, the deficiencies noted in this Order. Petitioner should attach copies of any documents that support his position.

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-eight (28) days** after the date of this Order. **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**. The Court advises Petitioner, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-05269-DOC-MAR Date: August 31, 2026

Title: ***LeAnthony T. Winston v. Warden Lepe***

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.**

**IT IS SO ORDERED.**

:

**Initials of Preparer** ev